DECISION OF DISMISSAL
Plaintiff filed a Complaint challenging the value of three separate properties, identified as Accounts 17508, 17219, and 18109, for the 2008-09 tax year. After some discussion during the August 10, 2009, telephonic court proceeding, the court ascertained that Plaintiff was not disputing the values for the 2008-09 tax year, but may seek reductions in the future. Moreover, the appeal is untimely and Plaintiff does not meet the requirements of ORS 305.288.[1] Accordingly, the appeal is dismissed, as explained more fully below.
As indicated above, there are three property tax accounts under appeal and identified in the Complaint. Plaintiff did not file a timely appeal with the county board of property tax appeals (Board) for any of the three accounts. The reason for the lack of a timely appeal was that Plaintiff was confused about the deadline. Plaintiff now understands that, for the 2008-09 tax year, the assessment date was January 1, 2008; that the tax year began six months later on July 1, 2008; that the property tax statements were mailed in early or mid-October 2008; and that the deadline for petitioning the Board was December 31, 2008. ORS 308.007
(specifying the assessment date, assessment year, tax year); ORS 311.250
(requiring the mailing of tax statement on or before October 25); ORS309.100(2) (providing for December 31 Board appeal deadline). *Page 2 
Additionally, after some discussion, Plaintiff stated that he agreed with the real market value (RMV) on the assessment and tax rolls for all three accounts. One property is improved with a home (Account 17508), has an RMV of $497,400, and Plaintiff, who is a real estate broker, estimated the value of that property to be approximately $500,000. Plaintiff bought the property in August 2006 for $685,000, but believes that the market value fell after the purchase because of a general decline in the real estate market. Plaintiff misunderstood the fact that the assessment date for the 2008-09 tax was January 1, 2008, as discussed above, and not some time later during the 2008-09 tax year. Much of the decline, according to Plaintiff, occurred in 2008 and 2009, after the applicable assessment date. Therefore, because there is no disagreement as to the value on the assessment and tax rolls for tax year 2008-09, Plaintiff does not allege to be aggrieved, as required by ORS 305.275, and the appeal of that account is subject to dismissal.
The other two accounts are land only. Account 17219 is a property located on Caballo Court, in Powell Butte, and has an RMV on the assessment and tax rolls of $251,600. Plaintiff estimates the value to have been approximately $250,000 as of the January 1, 2008, assessment date for the 2008-09 tax year. The final Account is 18109 (Lot 401). Plaintiff stated that he believed that lot was worth more than the lot identified by Account 17219 (which has a RMV on the tax rolls of $251,600), whereas the lot identified by Account 18109 has an RMV of $193,550. Plaintiff posited that if this final Account, 18109, which is more valuable than Account 17219, has an RMV on the assessment and tax rolls of only $193,550, then Account 17219 may have a value less than $250,000. However, when questioned by the court, Plaintiff acknowledged that he believed that Account 17219 was probably worth $250,000 on January 1, 2008. The court responded that the assessor's RMV for Account 18109 may be low at $193,550.
As a final matter, the court noted that in each case the assessed value (AV) of the three properties was well under the RMV on the rolls, and that there would need to be significant *Page 3 
reduction in RMV before there would be any savings in property taxes. That factor would likely constitute a lack of aggrievement, causing Plaintiff to lack standing and leaving the court without jurisdiction. Finally, because there was no timely appeal to the Board, Plaintiff would have to allege an error in value of 20 percent for the improved Account 17508, or establish that the reason for the lack of a timely appeal to the Board was due to extraordinary circumstances beyond his control ("good and sufficient cause"). ORS 305.288(1), (3). For the two unimproved accounts, the 20 percent error provision is inapplicable, and the court could only reduce the value if Plaintiff established good and sufficient cause under ORS 305.288(3), (5). Lack of knowledge is not good and sufficient cause. ORS 305.288(5)(b)(B).
 III. CONCLUSION
The court concludes that Plaintiff's appeal of Accounts 17508, 17219, and 18109, for the 2008-09 tax year, should be dismissed because Plaintiff withdrew his challenge of value, did not timely appeal to the Board, and fails to meet the requirements of ORS 305.288. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on August 28,2009. The Court filed and entered this document on August 28, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1